This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Michael Kordeleski, appeals from the decision of the Lorain County Court of Common Pleas convicting him of sexual battery. We affirm.
 I.
{¶ 2} On July 31, 2001, Appellant was indicted on one count of sexual battery. Appellant entered a plea of not guilty, and the matter proceeded to trial by jury, commencing on October 17, 2001. The jury found Appellant guilty. The trial court sentenced him to two years imprisonment and found him to be a sexually oriented offender. This appeal followed.
{¶ 3} Appellant raises four assignments of error, which we will address in a different order than presented for ease of discussion.
 II. Assignment of Error One
{¶ 4} "THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTIONS TEN AND SIXTEEN OF THE OHIO CONSTITUTION IN ITS RULINGS REGARDING EVIDENCE RULE 404(A)(1)(2)(3)(B) (SIC)."
{¶ 5} In his first assignment of error, Appellant challenges the trial court's exclusion of evidence of the victim's character and/or her actions on the day of the incident. Appellant specifically sought to introduce testimony of the victim's actions on the day of the alleged crime, including taking off her clothes in front of Appellant and "hanging" on him. Appellant argues that the testimony was admissible pursuant to Evid.R. 404(A)(2). We disagree.
{¶ 6} The trial court has broad discretion in the admission and exclusion of evidence. State v. Hymore (1967), 9 Ohio St.2d 122, 128. An appellate court will not disturb evidentiary rulings absent an abuse of discretion. Id. An abuse of discretion is more than merely an error of judgment; it connotes a decision that is unreasonable, arbitrary, or unconscionable. Berk v. Matthews (1990), 53 Ohio St.3d 161, 169. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
{¶ 7} Evid.R. 404 provides, in pertinent part:
{¶ 8} "(A) Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, subject to the following exceptions:
{¶ 9} "(2) Evidence of a pertinent trait of character of the victim of the crime offered by an accused *** is admissible; however, in prosecutions for rape, gross sexual imposition, and prostitution, the exceptions provided by statute enacted by the General Assembly are applicable." Evid.R. 404(A)(2).
{¶ 10} However, evidence which is not relevant is not admissible. Evid.R. 402. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401.
{¶ 11} We cannot conclude that the trial court abused its discretion when it excluded testimony concerning the victim's alleged actions of taking off her clothes or "hanging" on Appellant on the basis that the evidence was not relevant. Appellant argues that the evidence was admissible to rebut the victim's testimony that she did not consent, acquiesce, or intend to have sexual intercourse with Appellant on that day. However, the issue of the victim's consent is not relevant to the particular offense with which Appellant was charged.
{¶ 12} Appellant was charged with sexual battery, in violation of R.C. 2907.03(A)(2) and/or (3). R.C. 2907.03 provides, in relevant part:
{¶ 13} "(A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:
{¶ 14} "(2) The offender knows that the other person's ability to appraise the nature of or control the other person's own conduct is substantially impaired.
{¶ 15} "(3) The offender knows that the other person submits because the other person is unaware that the act is being committed."
{¶ 16} These sections of the sexual battery statute focus upon the offender knowing either that the victim is unaware that the act is being committed or that the victim is substantially impaired with regard to her ability to appraise the nature of or control her own conduct. The victim's consent is not a "fact that is of consequence to the determination of the action" and, therefore, is not relevant to a charge under these sections of the statute. Accordingly, the trial court did not abuse its discretion when it excluded this evidence. Appellant's first assignment of error is overruled.
 Assignment of Error Three
{¶ 17} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT ENTERED JUDGMENT OF CONVICTION, WHERE SUCH JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
{¶ 18} In his third assignment of error, Appellant asserts that his conviction was against the manifest weight of the evidence. As a preliminary matter, we note that sufficiency of the evidence and manifest weight of the evidence are distinct legal concepts. State v. Thompkins
(1997), 78 Ohio St.3d 380, paragraph two of the syllabus. When considering a challenge to the sufficiency of the evidence, the court must determine whether the prosecution has met its burden of production, while a manifest weight challenge requires the court to examine whether the prosecution has met its burden of persuasion. Id. at 390 (Cook, J., concurring).
{¶ 19} In determining whether a conviction is against the manifest weight of the evidence, an appellate court must:
{¶ 20} "[R]eview the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Otten (1986), 33 Ohio App.3d 339, 340.
{¶ 21} When an appellate court overturns a jury verdict on manifest weight of the evidence grounds, it is, in effect, acting as a "thirteenth juror" and is setting aside the resolution of evidence and testimony as found by the trier of fact. Thompkins,78 Ohio St.3d at 387. Accordingly, only in the exceptional case, where the evidence presented weighs heavily in favor of the defendant, will the appellate court reverse and order a new trial. Otten, 33 Ohio App.3d at 340.
{¶ 22} Appellant was convicted of sexual battery, in violation of R.C. 2907.03(A)(2) and/or (3). As noted in our discussion of Appellant's first assignment of error, R.C. 2907.03 provides that no person shall engage in sexual conduct with a person, who is not his spouse, knowing that either (1) the other person's ability to evaluate the nature of or to control his/her conduct is substantially impaired, or (2) the other person submits because he/she is unaware the act is being committed. See R.C. 2907.03(A)(2); R.C. 2907.03(A)(3). A person acts knowingly when, regardless of his purpose, "he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).
{¶ 23} The testimony revealed that Appellant and the victim spent most of the day together, traveling back and forth between a bar and Camp Wahoo, a campground located in Sheffield Village. Witnesses testified that they observed Appellant and the victim drinking alcohol at various times throughout the day. Witnesses reported that around noon, the victim and Appellant "had a buzz" and that they both appeared to be intoxicated. Various witnesses for the prosecution testified that they observed Appellant and the victim engaged in sexual activity on a couch at a Camp Wahoo campsite around dusk. Other Wahoo campers, apparently upset that the couple's activities could be seen by children at the campground, yelled at Appellant and told him to leave the campground. At this time, the victim was seen on the couch, "out cold," described as being "[c]omatose, out of it, fried, incoherent, completely out, no movement." One witness observed her "lying down with a T-shirt above her waist, everything showing."
{¶ 24} The victim testified that she met Appellant at a bar; they had a few beers, and then decided to go to Camp Wahoo to go swimming. They drank a few more beers at Camp Wahoo, then returned to the bar for more drinks. She testified that she drank too much alcohol that day and did not remember a lot of that afternoon, including what happened once they returned to the bar. She stated that she did not remember returning to Camp Wahoo that evening. She woke up confused in Appellant's car; she was not wearing any underwear and her shorts were missing. She testified that she screamed at Appellant, asking where her clothes were and inquiring why she was undressed.
{¶ 25} The victim was examined at the Nord Center Sexual Assault Care Unit by Sexual Assault Nurse Examiner McClelland. Nurse McClelland testified that the victim had a tampon lodged in her vagina sideways, and she had some bruising on her legs and soreness in her groin area. Nurse McClelland testified that the victim was upset and was sobbing and hugging herself. Nurse McClelland stated that she noted an odor of alcohol on or about the victim's person.
{¶ 26} Appellant asserts that his conviction is against the manifest weight of the evidence because it was based strictly upon the testimony of the victim and "[a]ll that was presented was the self serving testimony of the complaining witness[,] which was vague at best, and contradictory." To the contrary, the record reveals that the State presented testimony of at least two witnesses who saw Appellant and the victim engaged in sexual activity at the campsite at Camp Wahoo. One of the witnesses testified that the victim appeared to be comatose and/or incoherent at that time. Moreover, we decline to overturn the verdict because the trier of fact believed the prosecution witnesses. "[W]hen conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the [trier of fact] believed the prosecution testimony." State v. Gilliam (Aug. 12, 1998), 9th Dist. No. 97CA006757, at 4. Matters of credibility are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. We find no indication that the trier of fact lost its way and committed a manifest miscarriage of justice in convicting Appellant of sexual battery.
{¶ 27} This is not a case where the evidence weighs heavily in favor of Appellant, meriting a reversal of the conviction and a new trial. Accordingly, we conclude that Appellant's conviction for sexual battery was not against the manifest weight of the evidence. Appellant's third assignment of error is overruled.
 Assignment of Error Two
{¶ 28} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN VIOLATION OF CRIMINAL RULE 29, ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION AND THE DUE PROCESS CLAUSE OF THE CONSTITUTION OF THE UNITED STATES WHEN IT DENIED APPELLANT'S MOTION FOR ACQUITTAL."
{¶ 29} In his second assignment of error, Appellant challenges the sufficiency of the evidence.
{¶ 30} This Court has previously noted that "because sufficiency
is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis sic.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at 4. Accordingly, having found that Appellant's conviction for sexual battery was not against the manifest weight of the evidence, his arguments regarding the sufficiency of the evidence must also fail. Appellant's second assignment of error is overruled.
 Assignment of Error Four
{¶ 31} "APPELLANT WAS DEPRIVED OF HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."
{¶ 32} In his final assignment of error, Appellant argues that he was denied effective assistance of counsel as guaranteed by both the United States Constitution and the Ohio Constitution. We disagree.
{¶ 33} The Sixth Amendment guarantees the right to effective assistance of counsel to each defendant. Courts use a two step process in determining whether a defendant's right to effective assistance of counsel has been violated.
{¶ 34} "First the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington
(1984), 466 U.S. 668, 687, 80 L.Ed.2d 674.
{¶ 35} In order to demonstrate prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691.
{¶ 36} The court must analyze the "reasonableness of counsel's challenged conduct on the facts of the particular case, viewed at the time of counsel's conduct." Id. at 690. First, the defendant must identify the acts or omissions of his attorney that he claims were not the result of reasonable professional judgment. Then, the court must decide whether counsel's conduct fell outside the range of that which is considered professionally competent. Id. There is a strong presumption that counsel's performance was adequate. State v. Smith (1985),17 Ohio St.3d 98, 100.
{¶ 37} An appellate court may analyze the prejudice prong of theStrickland test alone if such analysis will dispose of a claim of ineffective assistance of counsel on the ground that the defendant did not suffer sufficient prejudice. State v. Loza (1994), 71 Ohio St.3d 61,83. Accordingly, we will begin our analysis with a discussion of the prejudice prong of Strickland.
{¶ 38} Appellant asserts that his counsel was deficient because counsel failed to impeach the victim. Appellant argues that counsel failed to discredit the victim's testimony by demonstrating bias, prejudice, interest, corruption, prior conviction, and bad reputation for veracity and failed to elicit helpful facts upon cross-examination of the victim. Appellant further argues that trial counsel was ineffective when he failed to cross-examine the victim concerning her actions on the day of the alleged sexual battery, including whether she consented to having sexual intercourse with Appellant.
{¶ 39} Upon reviewing the conduct of Appellant's trial counsel, there is a strong presumption that the actions were part of a valid trial strategy. Strickland, 466 U.S. at 689. Counsel can provide effective assistance using a number of tactics in any given case, and debatable trial strategies do not constitute ineffective assistance of counsel.State v. Gales (Nov. 22, 2000), 9th Dist. No. 00CA007541, at 17; Statev. Clayton (1980), 62 Ohio St.2d 45, 49. Absent the required showing of prejudice, the conduct of trial counsel complained of in this case will not be deemed erroneous. State v. Coulter (1992), 75 Ohio App.3d 219,230.
{¶ 40} In this case, Appellant cannot show that he was prejudiced by the conduct of his trial counsel. Appellant fails to support his assertions with any specific examples of the victim's bias, prejudice, interest, corruption, or prior convictions, nor does Appellant provide any support for his assertion that the victim has a bad reputation for veracity. Appellant also fails to demonstrate which facts, if any, trial counsel failed to elicit upon cross-examination of the witness. Moreover, we have already held that the trial court did not abuse its discretion when it excluded testimony as to whether the victim consented or whether she undressed in front of Appellant. Accordingly, Appellant cannot demonstrate that he was prejudiced by the performance of his trial counsel, and, therefore, these actions do not constitute ineffective assistance of counsel.
{¶ 41} Appellant's argument is without merit, and his fourth assignment of error is overruled.
 III.
{¶ 42} Appellant's four assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
SLABY, P.J. and BATCHELDER, J., CONCUR.